CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 2 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JEREMY ANTWAN HUTCHERSON, | |
| Plaintiff, | Civil Action No. 7:11cv00003 |
| v. | MEMORANDUM OPINION |
| HALIFAX COUNTY, | By: Samuel G. Wilson |
| Defendant. | United States District Judge |

This is an action pursuant to 42 U.S.C. § 1983 by an inmate at Halifax County Adult Detention Center, Jeremy Antwan Hutcherson ("Hutcherson"), against Halifax County, Virginia, complaining that his rights have been violated by the Halifax County Circuit Court's failure to address Hutcherson's motions to the court or to allow Hutcherson to terminate his counsel. The court dismisses Hutcherson's complaint without prejudice because it fails to state a plausible claim for relief against Halifax County.

## I.

Hutcherson complains that his rights have been violated in the following ways: (1) he is being unlawfully detained because was arrested on one charge but eventually convicted on another; (2) he is being denied access to the grievance process because the Halifax County Circuit Court has been filing his motions but is not addressing them; and (3) his constitutional rights are being violated because the Circuit Court has not allowed Hutcherson to terminate his counsel despite a conflict of interests. Hutcherson seeks $10 million in damages for these alleged wrongs. His complaint indicates that he has new evidence and would like to amend his petition for writ of habeas corpus with the Virginia Supreme Court based on this evidence.

## II.

Hutcherson's suit is subject to dismissal on a host of grounds the court need not belabor here. It is sufficient to state that Halifax County is subject to liability under § 1983 only if an official policy of the County causes the injury of which the plaintiff complains. See, e.g., Oklahoma City v. Tuttle, 471 U.S. 808, 820 (1985) ("[T]he municipal policy must be 'the moving force of the constitutional violation.'") (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)); Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir. 1987) ("[M]unicipal liability results only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.") (internal quotations omitted). Because Hutcherson has failed to indicate any official policy which has caused his alleged injuries, his complaint fails to state a plausible claim for relief against Halifax County. Furthermore, to the extent that Hutcherson is challenging the invalidity of his detention, such a claim is barred under § 1983. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). Accordingly, the court dismisses his complaint without prejudice pursuant to 28 U.S.C. 1915A(b)(1).

## III.

For the reasons stated herein, the court dismisses Hutcherson's complaint without prejudice.

**ENTER**: January 11, 2011

UNITED STATES DISTRICT JUDGE